Michael R. Hogue (SBN 272083)
hoguem@gtlaw.com
GREENBERG TAURIG, LLP
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111
Telephone: (415) 655-1300
Facsimile: (415) 707-2010

Robert A. Horowitz
horowitzr@gtlaw.com
MetLife Building
200 Park Avenue
New York, NY 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
(*pro hac vice*)

Attorneys for Defendants
AQUA METALS, INC., THOMAS MURPHY,
and SELWYN MOULD

Steven Schatz
Dylan Savage
WILSON SONSINI GOODRICH & ROSATI P.C.
sschatz@wsgr.com
dsavage@wsgr.com
One Market Plaza
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099

Attorneys for Defendant STEPHEN R. CLARKE

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re Aqua Metals, Inc. Securities Litigation | CASE NO. 4:17-CV-07142-HSG<br><br>**CLASS ACTION**<br><br>**DEFENDANTS AQUA METALS, INC., STEPHEN R. CLARKE, THOMAS MURPHY, and SELWYN MOULD'S NOTICE OF REQUEST FOR JUDICIAL NOTICE**<br><br>DATE: January 30, 2020<br>TIME: 2:00 p.m.<br>CTRM: 2, 4th Floor<br>JUDGE: Haywood S. Gilliam, Jr. |

Pursuant to Federal Rule of Evidence 201, and in connection with Defendants' Aqua Metals, Inc., Stephen R. Clarke, Thomas Murphy, and Selwyn Mould, (collectively, "Defendants") Motion for an Order Dismissing Plaintiff Plymouth County Group's Second Amended Complaint ("SAC"), Defendants respectfully request the Court take judicial notice of the following documents attached to the Declaration of Michael R. Hogue filed herewith:

(1) Aqua Metals' March 28, 2016 Form 10-K Performance Report (Hogue Decl. Ex. 1);

(2) Aqua Metals' May 19, 2016 Form 10-Q Performance report (Hogue Decl. Ex. 2);

(3) Aqua Metals' May 19, 2016 press release titled "Interstate Battery and Aqua Metals Form Strategic Partnership." (Hogue Decl. Ex. 3);

(4) Aqua Metals' Transcript from its Q1 2016 Earnings Call, dated May 24, 2016 (Hogue Decl. Ex. 4);

(5) Aqua Metals' August 10, 2016 Form 10-Q Performance Report (Hogue Decl. Ex. 5);

(6) Aqua Metals' Transcript from its Q2 Earnings call, dated August 10, 2016 (Hogue Decl. Ex. 6);

(7) Aqua Metals' November 1, 2016 press release titled "Aqua Metals Produces First AquaRefined Lead at World's First AquaRefinery" (Hogue Decl. Ex. 7);

(8) Aqua Metals' November 7, 2016 Form 10-Q Performance Report (Hogue Decl. Ex. 8);

(9) Aqua Metals' November 7, 2016 press release titled "Aqua Metals Provides Third Quarter 2016 Corporate Update." (Hogue Decl. Ex. 9);

(10) Aqua Metals' Transcript from its Q3 2016 Earnings Call, dated November 7, 2016 (Hogue Decl. Ex. 10);

(11) Aqua Metals' February 9, 2017 press release titled "Johnson Controls and Aqua Metals Sign Break-Through Battery Recycling Technology Partnership." (Hogue Decl. Ex. 11);

(12) Aqua Metals Article published on February 10, 2017 by Colin Lygren titled "Aqua Metals Gets Major Battery Company Backing" (Hogue Decl. Ex. 12);

(13) Aqua Metals' February 14, 2017 press release titled "Aqua Metals Provides Fourth Quarter and Year End Corporate Update." (Hogue Decl. Ex. 13);

(14) Aqua Metals' Transcript from its Q4 2016 Earnings Call, dated February 14, 2017 (Hogue

Decl. Ex. 14);

(15) Aqua Metals' March 2, 2017 Form 10-K Performance Report (Hogue Decl. Ex.15);

(16) Aqua Metals' May 9, 2017 press release titled "Aqua Metals Provides First Quarter 2017 Corporate Update." (Hogue Decl. Ex. 16);

(17) Aqua Metals' Transcript from its Q1 2017 Earnings Call, dated May 9, 2017 (Hogue Decl. Ex. 17);

(18) Aqua Metals' May 10, 2017 Form 10-Q Performance Report (Hogue Decl. Ex. 18);

(19) 5/16/2017 Schedule 13D/A showing IB held 3,483,452 shares as of May 16, 2017 (Hogue Decl. Ex. 19).

(20) Aqua Metals' July 25, 2017 press release titled "Aqua Metals Announces Preliminary Q2 2017 Revenues" (Hogue Decl. Ex. 20);

(21) Aqua Metals' August 2, 2017 press release titled "Aqua Metals Successfully Hosts First Investor Day." (Hogue Decl. Ex. 21);

(22) Aqua Metals' August 9, 2017 Form 10-Q Performance Report (Hogue Decl. Ex. 22);

(23) Aqua Metals' August 9, 2017 press release titled "Aqua Metals Provides Second Quarter 2017 Corporate Update." (Hogue Decl. Ex. 23);

(24) Aqua Metals' Transcript from its Q2 2017 Earnings Call, dated August 9, 2017 (Hogue Decl. Ex. 24);

(25) Aqua Metals' September 28, 2017 Form 8-K Current Report (Hogue Decl. Ex. 25);

(26) Aqua Metals' October 23, 2017 press release titled "Aqua Metals provides Update on Plant's Operations." (Hogue Decl. Ex. 26);

(27) Aqua Metals' November 9, 2017 Form 10-Q Performance Report (Hogue Decl. Ex. 27);

(28) Aqua Metals' November 9, 2017 press release titled "Aqua Metals Provides Third Quarter 2017 Corporate Update" (Hogue Decl. Ex. 28);

(29) Aqua Metals' Transcript from its Q3 2017 Earnings Call, dated November 9, 2017 (Hogue Decl. Ex. 29);

(30) Aqua Metals' May 7, 2018 Schedule 14A Information (Hogue Decl. Ex. 30).

(31) Aqua Metals' SEC form 4, reported by Dr. Stephen Clarke and issued by Aqua Metals,

Inc, dated November 16, 2016, September 22, 2017, October 6, 2017, October 20, 2017, November 3, 2017, November 17, 2017, December 1, 2017, and December 15, 2017 (Hogue Decl. Ex. 31);

(32) SEC Form 4, reported by Michael Murphy and issued by Aqua Metals, Inc. dated March 9, 2017, April 10, 2017, and May 8, 2017 (Hogue Decl. Ex. 32).

(33) SEC Form 4, reported by Selwyn Mould and issued by Aqua Metals, Inc. dated March 9, 2017, April 4, 2017, and May 2, 2017 (Hogue Decl. Ex. 33);

(34) Aqua Metals' May 24, 2016 press release titled "Aqua Metals Provides First Quarter 2016 Corporate Update" (Hogue Decl. Ex. 34);

All thirty-four exhibits are capable of accurate and ready determination and courts regularly take judicial notice of such documents.

I.   ARGUMENT

"[I]n assessing securities fraud claims, 'courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 988 (9th Cir. 2018) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). A court may take judicial notice of a fact that is not "subject to reasonable dispute because it: (1) is generally known with the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). While the "overuse and improper application of judicial notice and the incorporation-by-reference doctrine . . . can lead to unintended and harmful results," when "[p]roperly used, this practice has support." *Khoja*, 899 F.3d at 998.

As set forth below, Defendants seek judicial notice limited to thirty-four documents, all of which are judicially noticeable for the specific purpose for which they are offered.

/ / /

/ / /

### A. The Court Should Consider Exhibits 1-18, 20-29, and 34 Because They Are Incorporated by Reference in the SAC

According to the Supreme Court, courts may consider documents incorporated by reference into a complaint when ruling on motions to dismiss securities cases. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "The doctrine of incorporation by reference may apply, for example . . . when a plaintiff's claim about stock fraud is based on the contents of SEC filings." *Id.* (citing *Silicon Graphics*, 183 F.3d at 986); *see also In re Leapfrog Enter., Inc. Sec. Litig.*, 200 F. Supp. 3d 987, 993 (N.D. Cal. 2016) (finding documents to be incorporated by reference where "[p]laintiffs expressly referred to these exhibits in the [Amended Complaint], and relied on them as sources of the allegedly fraudulent statements").

Courts may consider documents that are incorporated by reference for their truth, unless the documents only serve to dispute facts in a well-pleaded complaint. *Khoja*, 899 F.3d at 1002. However, even where a court does not consider such documents for their truth, courts consider these incorporated documents for their context. *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (consideration of "full text of the Prospectus, including portions which were not mentioned in the complaints," is "appropriate in the context of a motion to dismiss"). For example, courts routinely consider incorporated documents to see what information was disclosed to the market and when that information was disclosed. *See Patel v. Parnes*, 253 F.R.D. 531, 548 (C.D. Cal. 2008) ("it is appropriate to consider [documents] for the purpose for which defendants offer them—i.e., to show 'whether and when information was provided to the market'"); *see also Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 975-76, 980-81 & n.18 (9th Cir. 1999) (considering documents for the purpose of seeing what was disclosed to the market). Once a document is incorporated by reference, the court may "properly consider the [document] in its entirety." *In re Nvidia Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014). As such, "[t]he doctrine prevents plaintiffs from selecting only portions of documents that support their claims,

while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002.

Here, Hogue Declaration Exhibits 1-18, 20-29, and 34 were incorporated by reference by Plaintiff in the SAC. Indeed, these documents include the SEC filings, press releases, and earnings call transcripts that are purportedly the very documents Plaintiff alleges to be the source of fraud. Because Plaintiff uses these documents to inform the SAC, the court may consider these documents to determine what and when information was conveyed to the market. *See Patel*, 253 F.R.D. at 548 ("it is appropriate to consider [documents] for the purpose for which defendants offer them—i.e., to show 'whether and when information was provided to the market.'").

**B.  The Court May Properly Consider Aqua Metals' SEC Filings, Press Releases, Earnings Calls, and Schedule 14A Information**

Courts may take judicial notice of SEC filings, press releases, and earnings calls. *In re Energy Recovery Sec. Litig.*, No. 15-cv-00265-EMC, 2016 U.S. Dist. LEXIS 9781, at *6 (N.D. Cal. Jan. 27, 2016) (SEC forms and transcripts of conference earnings calls are judicially noticeable because they are matters of public record); *Metzler Inv. GMBH V. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n. 7 (9th Cir. 2008) (taking judicial notice of SEC filings and Earnings calls); *Brodsky v. Yahoo! Inc.*, 630 F. Supp. 2d 1104, 1111 (N.D. Cal. 2009) (taking judicial notice of press releases). Here, the Court should take judicial notice of Hogue Declaration Exhibits 1-11, 13-30, and 34, all of which are SEC filings, press releases, earnings calls, and a Schedule 14A, because these documents are matters of public record.

Further, Hogue Declaration Exhibits 31-33, Form 4's, are similarly judicially noticeable as SEC filings. Courts routinely consider Form 4's when deciding motions to dismiss. *See In re Tibco Software, Inc.*, No. C 05-2146 SBA, 2006 WL 1469654, at *16-*17 (N.D. Cal. May 25, 2006) (taking judicial notice of Form 4's); *In re Int'l Rectifier Corp. Sec. Litig.*, No. CV07-02544-JFWVBKX, 2008 WL 4555794, at *1 n.1 (C.D. Cal. May 23, 2008) (same); *In re Computer Scis. Corp. Derivative Litig.*, No. CV 06-05288 MRP EX, 2007 WL 1321715, at *7 n.5 (C.D. Cal. Mar. 26, 2007) (same). In this case, the court should take judicial notice of the Form 4's in a holistic review of the strength of Plaintiff's scienter allegations. *In re Rigel Pharm., Inc. Sec. Litig.*, 2010

WL 8816155, at *13-*14 (N.D. Cal. Aug. 24, 2010) (insufficient allegations of scienter because disclosure at issue was made before defendants sold single share of stock).  The SAC does not allege that Dr. Clarke, who is alleged to have made most of the statements at issue, ever sold any Company stock. Additionally, Mould and Murphy each retained more than 90 percent of their Company stock. The Form 4's confirm these facts. The absence of sales by Clarke, and Mould's and Murphy's retention of more than 90% of their holdings, contradict any inference of scienter. These facts are highly relevant and courts consider them in gauging a plaintiff's allegations of scienter on motions to dismiss. *See Rigel*, 697 F.3d at 844-45; *see also In re Versant Object Tech. Corp.*, No. C 98-00299 CW, 2001 U.S. Dist. LEXIS 25009, at *17 (N.D. Cal. Dec. 4, 2001) (no inference of scienter where plaintiffs failed to allege any stock sales by CFO or CEO, the speaking defendants); *Ronconi v. Larkin*, 253 F.3d 423, 435 (9th Cir. 2001) (no inference of scienter where two insiders who made most representations at issue sold small percentages of their shares); *In Re Silicon Graphics Sec. Litig.*, 183 F.3d 970, 987-988 (9th Cir. 1999) (no inference of scienter where most of insider class sales made by non-speaking defendant); *Bao v. Solarcity Corp.*, 2016 WL 54133, at *7 & n.2 (N.D. Cal. Jan. 5, 2016) (taking judicial notice of SEC filings showing purchases and finding that they "weigh[] against an inference of scienter"); *Allison v. Brooktree Corp.*, 999 F. Supp. 1342, 1352 & n.3 (S.D. Cal. 1998) (taking judicial notice of SEC filings and stating that stock purchases "negate an inference of motive to defraud").

### C. The Court Should Take Judicial Notice of Exhibit 12 To Demonstrate Information Available to the Market

Judicial notice of news articles may be appropriate in securities fraud cases when trying to show "that the market was aware of the information contained in news articles." *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *In re Kalobios Pharms., Inc. Secs. Litig.*, 258 F. Supp.3d 999, 1003 (9th Cir. 2017); *In re Am. Apparel, Inc. Shareholder Litig.*, 855 F. Supp. 2d. 1043, 1062 (C.D. Cal. Jan 13, 2012) (quoting *Heliotrop Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n. 18 (9th Cir. 1999).  Thus, in addition to the fact that the article was incorporated into the SAC, the Court should also take judicial notice Hogue Declaration Exhibit 12 to show what information was communicated to the market.

### D.   Schedule 13Ds Filed with the SEC Are Subject to Judicial Notice

Lastly, Defendants seek judicial notice of Hogue Declaration Exhibit 19, a Schedule 13D amendment, which reports Interstate Battery System International, Inc's ("Interstate Batteries") stock ownership and sales of Aqua Metals as of May 16, 2017. This is offered to show that Interstate Batteries filed this statement setting forth its ownership. Courts in this Circuit routinely find that Schedule 13Ds are accurate and appropriate for judicial notice. *See Arcturus Therapeutics Ltd. v. Payne*, No. 18-cv-766-MMA (NLS), 2018 WL 2316790, at *3 n.5 (S.D. Cal. May 22, 2018); *In re Am. Apparel*, 855 F. Supp. 2d. at 1062; *Shurkin v. Golden State Vintners Inc.*, 471 F. Supp. 2d 998, 1011 (N.D. Cal. 2006). Accordingly, the Court should take judicial notice of Hogue Declaration Exhibit 19.

## II.   CONCLUSION

For the foregoing reason, Defendant respectfully requests that the Court take judicial notice of Exhibits 1 through 34 to the Hogue Declaration.

DATED: November 1, 2019                    GREENBERG TRAURIG, LLP

By:   */s/ Michael R. Hogue*
Michael R. Hogue
Robert A. Horowitz (*pro hac vice*)
Attorneys for Defendants Aqua Metals, Inc., Thomas Murphy, and Selwyn Mould

WILSON SONSINI GOODRICH & ROSATI P.C.

By:   */s/ Steven Schatz*
Steven Schatz
Dylan Savage
Attorneys for Defendant Stephen R. Clarke