Michael R. Hogue (SBN 272083)
hoguem@gtlaw.com
GREENBERG TRAURIG, LLP
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111
Telephone: (415) 655-1300
Facsimile: (415) 707-2010

Robert A. Horowitz
horowitzr@gtlaw.com
MetLife Building
200 Park Avenue
New York, NY 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
(*pro hac vice*)

Attorneys for Defendants
AQUA METALS, INC., THOMAS MURPHY,
SELWYN MOULD

Steven M. Schatz
Boris Feldman
Dylan G. Savage
Alexander K. Brehnan
WILSON SONSINI GOODRICH & ROSATI P.C.
sschatz@wsgr.com
boris.feldman@wsgr.com
dsavage@wsgr.com
abrehnan@wsgr.com
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Defendant STEPHEN R. CLARKE

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re Aqua Metals, Inc. Securities Litigation | CASE NO. 4:17-CV-07142-HSG <br><br> **CLASS ACTION** <br><br> **DEFENDANTS AQUA METALS, INC., STEPHEN R. CLARKE, THOMAS MURPHY, and SELWYN MOULD'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** <br><br> DATE:   January 30, 2020 <br> TIME:   2:00 p.m. <br> CTRM:   2, 4th Floor <br> JUDGE: Haywood S. Gilliam, Jr. |

Defendants respectfully submit this Reply Memorandum of Law in further support of Defendants' Request for Judicial Notice (ECF No. 128-1, "Defendants' RJN") and in response to Plaintiff's opposition to Defendants' RJN (ECF No. 132).[1]

**PRELIMINARY STATEMENT**

Plaintiffs view of what may be judicially noticed and for what purpose is too narrow. As demonstrated previously in Defendants' RJN, documents may, in certain instances applicable here, be used to establish a fact that cannot be disputed, in addition to determining what information was available to the market or to assess the context in which allegedly false statements were made.

In particular, Plaintiffs oppose Defendants' RJN with regard to Exhibits 31, 32, and 33[2] which consist of the Individual Defendants' Form 4's filed with the SEC.[3] Plaintiffs argue that these documents are irrelevant or otherwise not cited, referenced, or relied upon in the SAC. But the Form 4's are properly judicially noticed for their truth because they contain relevant information required for a holistic assessment of the SAC's scienter allegations, their authenticity is not in question, and Exhibits 32 and 33 form the basis of the SAC's scienter allegations against Mould and Murphy.[4]

---

[1] All capitalized terms not otherwise defined herein shall have the meanings given them in Defendants' RJN and Defendants' motion to dismiss (ECF No. 128).

[2] Plaintiffs also oppose judicial notice of Exhibit 30 and Defendants withdraw their request for judicial notice of this Exhibit.

[3] The exhibits are attached to the Declaration of Michael R. Hogue dated November 1, 2019 (ECF No. 128-2 (the "Hogue Declaration").

[4] Plaintiffs do not oppose judicial notice of the remaining documents (Exhs. 1-29, 34) for the purposes Defendants offer them to demonstrate the information available to the market and the context in which the allegedly false statements were made. (Plaintiff's Opposition to Defendants' RJN at 1:10-13, 132:6-18.) Notably, Plaintiffs essentially make the same arguments as Defendants' RJN in support of their own request for judicial notice. (ECF No. 131-1 ("Plaintiffs' RJN").) Defendants do not oppose Plaintiffs' RJN, but note that, contrary to Plaintiffs' assertions, to decide the motion to dismiss the Court need not consider whether it was Clarke or Murphy that made two of the statements at issue since neither statement is actionable in the first instance (as discussed more fully in Defendants' motion to dismiss).

# ARGUMENT

**I.     The Court Should Take Judicial Notice of Defendants' Form 4's Because They Contain Relevant Information and Their Authenticity Is Not in Question.**

Defendants request judicial notice of the Defendants' Form 4's filed with the SEC to show critical facts demonstrating the absence of scienter. Specifically, the Form 4's show that 1) Clarke purchased $200,000 of Company stock in November bringing his total Company stock ownership up to 1,028,637 shares, and he continued thereafter to purchase Company stock on various occasions (Exh. 31); and 2) Defendants Mould (Exh. 32) and Murphy (Exh. 33), after each selling 60,000 shares of the Company stock as alleged in the SAC, each retained more than 90 percent of their shares. Contrary to Plaintiffs' arguments, these facts weigh heavily against Plaintiffs' allegations of scienter when reviewing the SAC's allegations holistically, and are thus highly relevant and properly judicially noticed on this motion to dismiss.

Courts in this district routinely take judicial notice of such SEC filings and, under precedent from the United States Supreme Court, may do so to refute an inference of scienter. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007). In *Tellabs*, the Supreme Court held that "the court's job is . . . to assess all the allegations holistically" and determine whether a "reasonable person would deem the inference of scienter cogent and at least as strong as any opposing inference." *Id.* at 310. In determining whether a complaint gives rise to a strong inference of scienter, a court "must consider the complaint in its entirety, as well as . . . matters of which a court may take judicial notice." *Id.* at 322; *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009).

As Defendants stated in their RJN, the Ninth Circuit has consistently held that SEC filings are judicially noticeable. *See, e.g.*, *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 & n.7 (9th Cir. 2008) (SEC filings subject to judicial notice); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 (9th Cir. 2006) (same). Courts routinely consider Form 4's when deciding motions to dismiss. *See In re Tibco Software, Inc.*, No. C 05-2146 SBA, 2006 WL 1469654, at *16-*17 (N.D. Cal. May 25, 2006) (taking judicial notice of Form 4's); *In re Int'l Rectifier Corp.*

*Sec. Litig.*, No. CV07-02544-JFWVBKX, 2008 WL 4555794, at *1 n.1 (C.D. Cal. May 23, 2008) (same); *In re Computer Scis. Corp. Derivative Litig.*, No. CV 06-05288 MRP EX, 2007 WL 1321715, at *7 n.5 (C.D. Cal. Mar. 26, 2007) (same). Moreover, the authenticity of the Form 4's and the facts contained therein are not subject to reasonable dispute. *See* Fed. R. Evid. 201(b).

Further, contrary to Plaintiffs' argument regarding judicial notice of Clarke's Form 4's, a defendant's Form 4's may also be judicially noticed even where there are no allegations in the complaint supporting scienter as to whether a defendant sold stock. *See Westley v. Oclaro*, 897 F. Supp. 2d 902, 928-929 (9th Cir. 2012) (rejecting plaintiffs argument that Form 4's could not be considered in the absence of motive allegations concerning stock sales and judicially noticing the Form 4's in assessing scienter holistically). To hold otherwise would allow Plaintiff to evade a determinative argument about scienter by artfully pleading around an inconvenient fact.

In *Rigel Pharmaceuticals*, the court considered SEC filings to gauge the sufficiency of the plaintiff's scienter allegations. *In re Rigel Pharm., Inc. Sec. Litig.*, 2010 WL 8816155, at *13-*14 (N.D. Cal. Aug. 24, 2010).[5] In dismissing the case, the court ruled that there were insufficient allegations of scienter because the disclosure at issue, according to the SEC filings, "was made before any of the Individual Defendants sold a single share of Rigel stock." *Id.* at *14. On appeal, the court explained, "because none of the defendants sold stock during the period between the allegedly fraudulent statements and the public disclosure of detailed data, which is the period during which they would have benefitted from any allegedly fraudulent statements, the value of the stock, and the stock options does not support an inference of scienter . . . it supports the opposite inference." *In re Rigel Pharm., Inc. Sec. Litig.*, 697 F.3d 869, 884–85 (9th Cir. 2012). Further, the court reasoned that "especially given the holistic approach to assessing scienter adopted in *Tellabs* and the requirement that we take into account plausible opposing inferences, we will not conclude that there is fraudulent intent." *Id.* at 844. As the district court had held, those

---

[5] Plaintiffs argue (Plaintiffs' Opposition to Defendants' RJN at n.7) that *Rigel* is distinguishable because there the court found that none of the statements were actionable, but as discussed in Defendants' motion to dismiss, none of the statements in the SAC are actionable either. The cases are thus all the more applicable, and regardless, are still relevant in a holistic assessment of the scienter allegations.

opposing inferences depended on the court considering SEC filings, which showed the absence of sales. *Rigel*, 2010 WL 8816155, at *1 n.1.

Also, while the SAC does not reference the Form 4's specifically, the Form 4's are necessarily the basis for Plaintiffs' allegations regarding Murphy and Mould's stock sales because they are the only public source for the allegations concerning the sale dates, number of shares sold, and price per share, all of which come directly from those Form 4's. (*See* SAC ¶¶ 494-498 (Murphy sales) and ¶ 494, 499 (Mould sales); Exhs. 32, 33.) The documents thus "form[] the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 1002 (9th Cir. 2018). In addition to the details alleged in the SAC, the Form 4's state the number of shares owned by the reporting person following each of the sales reported on the Form. As reflected on the Form 4's, Murphy and Mould each retained 725,455 shares after selling 60,000 shares as alleged in the SAC.

Because the Form 4's provide relevant information concerning an inference of scienter, their authenticity is not in question, and courts routinely consider such documents, this Court should take judicial notice of the Form 4's.

## CONCLUSION

For the foregoing reason, Defendant respectfully requests that the Court take judicial notice of Exhibits 1-29 and 31-34 to the Hogue Declaration.

DATED: December 20, 2019              GREENBERG TRAURIG, LLP

By: /s/ Michael R. Hogue
    Michael R. Hogue
    Robert A. Horowitz (*pro hac vice*)
    Attorneys for Defendants Aqua Metals,
    Inc., Thomas Murphy, and Selwyn Mould

WILSON SONSINI GOODRICH & ROSATI P.C.

By: /s/ Steven M. Schatz
    Steven M. Schatz
    Boris Feldman
    Dylan G. Savage
    Alexander K. Brehnan
    Attorneys for Defendant Stephen R. Clarke